**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABIDIK QUESADA GONZALEZ | : | |
| | : | |
| Appellant | : | No. 258 MDA 2018 |

Appeal from the PCRA Order January 12, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005872-2010,
CP-67-CR-0006451-2010, CP-67-CR-0006452-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:  **FILED: NOVEMBER 9, 2018**

Abidik Quesada Gonzalez (Appellant) appeals from the order denying his petition for writ of *habeas corpus*.  We affirm.

On May 9, 2011, Appellant pled guilty at docket numbers CP-67-CR-6452-2009 (6452-2009) and CP-67-CR-6451-2010 (6451-2010) to one count of fleeing or attempting to elude police[1] and four counts of possession with the intent to deliver a controlled substance.[2]  The same day, pursuant to the plea agreement, the trial court sentenced Appellant to an aggregate three-and-a-half to seven years of incarceration.  Appellant did not file a direct appeal from his judgment of sentence at docket numbers 6452-2009 and

---

[1]  75 Pa.C.S.A. § 3733(a).

[2]  35 P.S. § 780-113(a)(30).

6451-2010. Therefore, Appellant's judgment of sentence at these dockets became final 30 days later on June 9, 2011, when the 30-day period for filing an appeal with this Court expired. *See* Pa.R.A.P. 903(a).

On November 3, 2011, at docket number CP-67-CR-5872-2010 (5872-2010), a jury found Appellant guilty of aggravated assault.[3] On January 27, 2012, the trial court sentenced Appellant at docket number 5872-2010 to 7½ to 15 years of incarceration. On February 24, 2012, Appellant timely appealed his judgment of sentence at docket number 5872-2010 to this Court. On November 8, 2012, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Gonzalez*, 394 MDA 2012 (Pa. Super. Nov. 8, 2012) (unpublished memorandum). Appellant did not petition for allowance of appeal to the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence at docket number 5872-2010 became final 30 days later on December 10, 2012. *See* Pa.R.A.P. 1113(a).[4]

In the years since Appellant's appeal at docket number 5872-2010, Appellant has filed at all three docket numbers several petitions pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, none of which have afforded him any relief. On February 27, 2017, at all three docket

---

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] December 8, 2012 was a Saturday. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

numbers, Appellant filed the underlying *pro se* petition for writ of *habeas corpus* in which he raised numerous claims, including, *inter alia*, prosecutorial misconduct, the violation of his constitutional right to counsel, ineffective assistance of counsel, evidentiary claims, and witness tampering. **See** Petition for Writ of *Habeas Corpus*, 2/27/17, ¶ 13. On June 30, 2017, the trial court entered a notice of its intent to dismiss Appellant's *Habeas* petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. The court concluded that Appellant's *Habeas* petition was actually an untimely PCRA petition over which it had no jurisdiction. **See** Trial Court Order, 6/30/17, at 1-4. On January 12, 2018, the trial court dismissed the petition. On February 6, 2018, Appellant filed a counseled notice of appeal.[5]

On appeal, Appellant raises the following issue:

> I. WHETHER THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR WRIT OF *HABEAS CORPUS* AS UNTIMELY[,] TREATING THE PETITION AS A PCRA PETITION?

Appellant's Brief at 4.

It is well settled "that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002). As Section 9542 of the

---

[5] Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

PCRA itself explicitly states, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542.

Appellant asserts that the trial court erred in treating his petition for writ of *habeas corpus* as a PCRA petition because his petition raised an allegation of prosecutorial misconduct, and such claim does not fit within the parameters of Section 9543(a)(2)[6] that would make him eligible for relief under the PCRA. Appellant is correct that his prosecutorial misconduct claim is not cognizable under Section 9543 of the PCRA. **See Commonwealth v. Sepulveda**, 55 A.3d 1108, 1138 (Pa. 2012) ("We agree with the PCRA court that appellant's claim is not cognizable to the extent it sounds in a claim of prosecutorial misconduct.").

---

[6] The PCRA requires a petitioner to plead and prove that his conviction or sentence resulted from one of the following: a constitutional violation that so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, 42 Pa.C.S.A. § 9543(a)(2)(i); ineffective assistance of counsel, 42 Pa.C.S.A. § 9543(a)(2)(ii); an unlawfully induced guilty plea, 42 Pa.C.S.A. § 9543(a)(2)(iii); the improper obstruction by governmental officials of the petitioner's right of appeal, 42 Pa.C.S.A. § 9543(a)(2)(iv); the unavailability at the time of trial of exculpatory evidence, 42 Pa.C.S.A. § 9543(a)(2)(vi); an illegal sentence, 42 Pa.C.S.A. § 9543(a)(2)(vii); or a proceeding in a tribunal that lacked Jurisdiction, 42 Pa.C.S.A. § 9543(a)(2)(viii).

This does not mean, however, that Appellant's petition was misconstrued as a PCRA petition. First, at least one of the claims Appellant raised in his *habeas* petition is cognizable under the PCRA (ineffective assistance of counsel). **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). Moreover, Appellant's prosecutorial misconduct claim was waived because he failed to raise it before the trial court. Therefore, to the extent Appellant could raise the claim of prosecutorial misconduct, he had to present it in the context of counsel's ineffectiveness. Our Supreme Court has explained:

> If the defendant thinks the prosecutor has done something objectionable, he may object, the trial court rules, and the ruling – not the underlying conduct – is what is reviewed on appeal. Where, as here, no objection was raised, there is no claim of "prosecutorial misconduct" as such available. There is, instead, a claim of ineffectiveness for failing to object, so as to permit the trial court to rule.

**Commonwealth v. Tedford**, 960 A.2d 1, 29 (Pa. 2008); **see also** 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). A defendant cannot circumvent waiver or the PCRA's time limitations by filing a *habeas petition*. Our Supreme Court has stated, "[s]imply because a petition is not considered because of previous litigation or waiver does not alter the PCRA's coverage of such claims or make *habeas corpus* an alternative basis for relief." **Commonwealth v. Fahy**, 737 A.2d 214, 224 (Pa. 1999). Accordingly, we conclude that the trial court

appropriately treated Appellant's *habeas* petition as a PCRA petition. We therefore consider the timeliness of the petition.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."

***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

As set forth above, Appellant's judgments of sentence at docket numbers 6452-2009 and 6451-2010 became final on June 9, 2011, and at docket number 5872-2010 on December 10, 2012. Appellant had one year – until June 11, 2012[7] at docket numbers 6452-2009 and 6451-2010, and December 10, 2013 at docket number 5872-2010 – to file a timely PCRA petition. Thus, the underlying petition, which Appellant filed on February 27, 2017, is facially untimely, and we lack jurisdiction unless Appellant pled and proved one of the three timeliness exceptions of section 9545(b)(1). ***See id.*** Our review reveals that Appellant did not attempt to plead or prove any of the timeliness exceptions of section 9545(b)(1) in his PCRA petition. ***See*** Petition for Writ of *Habeas Corpus*, 2/27/17. Accordingly, we lack jurisdiction to address the merits of the appeal. ***See Derrickson***, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018

_____

[7] ***See supra***, n.4.

- 7 -